EDWARD J. STOULIG, Judge
Pro Tem-pore.
This is an appeal by defendant, Angelo Sciortino, from a judgment rendered in favor of the plaintiff, Commercial Bank and Trust Company, on a suit on a promissory note.
Plaintiff’s petition alleges that the defendant executed a promissory note in its favor in the sum of $19,806.36, payable in eighty-four monthly installments of $235.79, commencing on March 10,1978 and continuing monthly thereafter.[1] Said note provided failure to pay any installment when due shall mature all remaining installments together with an annual interest rate of 12.98 percent and 25 percent attorney’s fees. It is further alleged that said note was mistakenly returned to the defendant. Defendant failed to pay the January 15, 1979 installment and, as a result, the outstanding principal balance of $17,484.40, together with interest and attorney’s fees are demanded in plaintiff’s suit.
After a trial on the merits, the lower court rendered judgment in plaintiff’s favor condemning defendant to pay the bank $17,484.40, the balance due on the note, plus interest at an annual percentage rate of 12.98 percent and 25 percent attorney’s fees and the costs of the proceedings. Defendant was allowed a credit of $5,007.82 for unearned interest.
Defendant contends the trial court erred in three respects: (1) in failing to sustain his exception of no cause of action; (2) in concluding that sufficient proof was tendered in support of the lost instrument to warrant judgment in favor of plaintiff; and (3) in awarding plaintiff attorney’s fees and penalty interest.
Defendant’s exception of no cause of action is directed towards the allegation in the petition that plaintiff is the possessor of a note when on the trial of the matter the court permitted plaintiff to adduce proof in support of a lost instrument, without the original petition being amended.
A reading of the petition reflects that plaintiff avers it is the holder of the note which was mistakenly returned to the defendant. Nowhere in the pleadings or proceedings does plaintiff allege or concede that the note is a lost instrument.
The trial court properly overruled the exception and permitted plaintiff to introduce the best available secondary evidence, testimonial and documentary, to establish the existence and the contents of the instrument. C.C. Art. 2279;[2] 32 C.J.S. Evidence § 824, page 752.[3]
Appellant’s second assignment of error, the insufficiency of proof, is without merit. A review of the evidence bearing upon this issue discloses that plaintiff’s employee, Anita Phillips, allegedly responsible for mailing the note back to Sciortino testified how this account, which should have been treated as delinquent was mistakenly stamped “paid out” and returned to the customer. Upon discovery of her error she *675 immediately notified her supervisor, Elliott J. Gaulon, a Vice-President of the bank.
Gaulon corroborated Phillips’ testimony and upon learning of the situation he requested Billie Brennan, the bank’s installment loan collector, who had prior dealings with Sciortino to attempt to procure the return of the note.
Brennan testified that she did contact Sciortino who initially was very cooperative admitting that he had the note and stating he would return the note to her if she would come to his place of business. For Brennan’s convenience, Gaulon volunteered to pick the note up; however, when he arrived at Sciortino’s beauty school, defendant refused to return the instrument.
Plaintiff next produced a photostatic copy of the promissory note, the contents of which are illegible except for the following typed or written information: (1) title of Commercial Bank; (b) the date, “February 10, 1978”; (c) the typewritten names and address, “Maria Alvarez, wife of/and Angelo J. Sciortino, 306 West William David Parkway, Metairie, Jefferson, La. 70005”; (d) “84”, the alleged number of monthly installments; (e) “March 15, 1978”, the alleged date the first monthly installment was payable; (f) “235.79”, the alleged amount of the monthly installments; (g) “19806.36”, written out and in numerical form, the alleged principal amount of the note; (h) “February 15, 1985”, apparently the date of the final monthly installment; (i) “12.98”, the alleged annual interest rate in the event of default; and (j) two barely discernible written and typed signatures, which if closely examined appear to be signed: “Angelo J. Sciortino and Maria Alvarez Sciortino”.
Through the testimony of its Vice-President, Gaulon, plaintiff established that this photostatic copy was a true representation of the original note signed by Mr. and Mrs. Sciortino. He further testified this was the only obligation of Sciortino with the bank and the only one requiring the monthly payment of $235.79. Mr. Gaulon further stated that after suit was filed, Sciortino made a payment of $235.79 by a check dated February 3, 1979 which subsequently was dishonored. This witness also identified the collateral mortgage note and mortgage pledged to secure the payment of the principal obligation and it appears that the signatures of Mr. and Mrs. Sciortino on the primary note and the collateral mortgage are identical.
As opposed to this evidence, Mr. Sciorti-no’s testimony must be characterized as vague and evasive. Under cross-examination he could not recall signing the note because he signed so many papers the purpose of which he did not know; he did not know if he signed a note for $19,806.36; he could not identify his signature on the note because his eyes were “blurry” and he did not have his glasses with him; and he could not recall if he made payments in the sum of $235.79 to the bank. He specifically denied ever having received a note from the bank.
The trial court permitted the introduction into evidence of the copy of the hand note and the collateral mortgage note and mortgage. Although the photostatic copy is poor, the above mentioned terms are sufficiently legible to prove this is a copy of the note on which Sciortino borrowed the funds from the bank. We agree with the trial court’s determination that there was sufficient evidence to prove the existence of the note.
The proof presented by plaintiff was sufficient under C.C. Art. 2279 to prove the fact that Angelo Sciortino owed $19,806.36 in principal and interest to the Commercial Bank on December 9, 1977. It was established by the testimony of the Vice-President, Gaulon, that payments had been made to decrease the balance due to $17,449.25, and the judgment of the trial court must be amended to reflect this amount subject to a credit of $5,007.82 unearned interest. Plaintiff is also entitled to interest on its judgment at the annual rate of 12.98 percent stipulated in the note.
Next we reach the issue of the attorney’s fees. In order to recover attorney’s fees plaintiff bears the burden of establish *676 ing by the best available evidence that this charge was provided in the note. Plaintiff sought to prove it was entitled to 25% attorney’s fees based upon the provision to this effect in the collateral mortgage note. No evidence was introduced to prove that the attorney fee specified in the hand note, was identical in amount to that in the collateral mortgage.
Examining the photostatic copy, we note that all typed information is legible and since we are unable to find any typed figure of 25%, we must conclude that it forms part of the printed provisions of the note. If such is the case, in order to fulfill its obligation to present the best available evidence, plaintiff should have produced a printed form of the note in use by the bank at the time of Sciortino’s loan to confirm the rate of attorney’s fees, or in the alternative explained its inability to do so. Having failed to present such evidence, the award of attorney’s fees must be annulled.
For the foregoing reasons, the judgment of the trial court is amended so as to grant judgment in favor of plaintiff, Commercial Bank and Trust Company, and against the defendant, Angelo J. Sciortino, in the full and true sum of Seventeen Thousand Four Hundred Forty Nine and ^/ioo ($17,449.25) Dollars subject to a credit for unearned interest of Five Thousand Seven and 82/ioo ($5,007.82) Dollars together with interest of 12.98 percent per annum from date of judgment and for all costs of these proceedings.
ANNULLED IN PART; AMENDED IN PART AND AS AMENDED AFFIRMED.

. The payment of the promissory note was secured by the pledge of a $25,000.00 collateral mortgage note and collateral mortgage executed by the defendant and his wife dated September 9, 1977.

. Art. 2279. Proof of contents of lost instrument
Art. 2279. When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; ...

.“ ‘Secondary evidence is admissible, where the primary evidence of the fact sought to be proved has been destroyed by the party seeking to establish the fact, only where such destruction was by accident or mistake or free from circumstances of fraud.’ 32 C.J.S. Evidence § 824, page 752.”